# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MARY SPENCER, as personal
representative of the estate of
MICHAEL GREGORY SPENCER,

    Plaintiff,

vs.                                            Case No. 3:07cv150-RS-EMT

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

    Before me is Federal Defendant's Motion to Dismiss Or, In the Alternative, For Summary Judgment (Doc. 8).

### Background

    Plaintiff Mary Spencer sues Defendant United States Postal Service ("USPS") for the tragic death of her two-year old son, Michael Spencer.  Michael was killed when a USPS mail delivery vehicle struck him in October 2004.  The one-count Amended Complaint alleges negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA")  (Doc. 6).

    The USPS moves to dismiss, or in the alternative, for summary judgment, on the ground that this Court lacks subject matter jurisdiction over Plaintiff's claim.  The USPS contends that Plaintiff's claim is time-barred because she failed to file suit or request that her claim be reconsidered by the USPS within the applicable statute of limitation.

## Facts

Following the death of her son, Plaintiff, through attorney Marcus Michles, II, timely filed an administrative claim with the USPS.  Plaintiff received a written denial of her claim dated May 15, 2006, and signed by Conny Beatty, an attorney for the USPS.  (Beatty Decl., Doc. 9, Exh. G; Pl. Mem. In Opp., Doc. 10:1.)  The denial notified Plaintiff that:

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action.  Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter . . .
>
> .   .   .
>
> Alternatively, and in accordance with the regulations set out at 39 C.F.R. § 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim.  Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.
>
> A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

(Beatty Decl., Doc. 9, Exh. G.)

The USPS contends that Plaintiff failed to timely file a written request to reconsider its denial of Plaintiff's claim by the November 15, 2006, deadline.  Beatty acknowledges that she received a letter dated January 5, 2007, from Plaintiff's counsel, John Booth.  Booth stated in the letter that Plaintiff's case had been "reassigned" to him.  The letter also requested that Beatty provide him with an update on the status of the

USPS's reevaluation of Plaintiff's claim. (Beatty Decl., Doc. 9, Exh. H.)

Beatty contends that she "had no idea what [reevaluation] attorney Booth was referring to" because she had not received a request for reconsideration of Plaintiff's claim. (Beatty Decl., Doc. 9:3; Pl. Mem. In Opp., Doc. 10:2.) Beatty avers that she therefore contacted Booth by telephone to inquire about the purported request for reconsideration. On January 11, 2007, Booth faxed to Beatty a copy of the purported request. The request was dated August 30, 2006. (Beatty Decl., Doc. 9, Exh. I.)

Beatty, by sworn declaration filed with the motion, contends that she did not receive a request to reconsider the denial of Plaintiff's claim until she received the faxed document on January 11, 2007, almost eight months after the claim was denied. Booth, however, filed a sworn counter-affidavit stating that he personally mailed a request for reconsideration of Plaintiff's claim to Beatty via first-class mail on August 30, 2006. (Booth Aff., Doc. 11.) The motion requests dismissal of Plaintiff's claim for lack of subject matter jurisdiction on the basis that Plaintiff failed to file suit or request that her claim be reconsidered by the USPS within the applicable statute of limitations period.

## Analysis

"The FTCA is a specific, congressional exception to the general rule of sovereign immunity." Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1236 (11th Cir. 2002) (quoting Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994)). "As a result, courts must be careful to observe scrupulously the circumstances and conditions of this waiver." Barnett, 283 F.3d at 1236 (citing Suarez, 22 F.3d at 1065). In particular, a tort claim against the United States is

> forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). "Unless a plaintiff complies with th[ese] requirements, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999) (citing United States v. Kubrick, 444 U.S. 111, 117-18, 100 S. Ct. 352, 357, 62 L. Ed. 2d 259 (1979) ("[T]he [FTCA] waives

the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.")).

The six-month period for filing an action in district court after final denial of a claim by the agency to which it was presented - here, the USPS - will, however, be tolled by a timely-filed request for reconsideration:

> Prior to the commencement of suit and prior to the expiration of the 6 month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the postal official who issued the final denial or with the Chief Counsel, National Tort Center, U.S. Postal Service, P.O. Box 66640, St. Louis, MO 63166-6640, for a reconsideration of a final denial of a claim . . . .

39 C.F.R. § 912.9(b). If a claimant files a timely request for reconsideration and the USPS fails to render a decision on the request within six months after it is filed, the claimant may, at her option, deem the request to have been denied at any time after the expiration of the six-month period and may then commence an action in district court. See 28 U.S.C. § 2675(a); 39 C.F.R. § 912.9(b).

Here, it is undisputed that Plaintiff failed to comply with § 2401(b)'s requirement that she commence suit within six months after her claim was denied by the USPS. Although Plaintiff acknowledges that her complaint was not filed within the six months statute of limitations period, she contends that she is entitled to a tolling of the six-month period because she allegedly mailed a request for reconsideration to the USPS within the six-month period and that the USPS failed to dispose of the claim. The USPS, however, contends that the request was not filed because it never received the request.

Under 39 C.F.R. § 912.9(c), a "request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in the office of the official who issued the final denial or in the office of the Chief Counsel, National Tort Center, U.S. Postal Service, P.O. Box 66640, St. Louis, MO 63166-6640." (emphasis added). Because Booth contends that he sent Plaintiff's request for reconsideration by regular mail and not by certified mail and because he does not allege that he nor any member of his firm inquired about the status of the request during the allowable six-month

period, Plaintiff has not produced direct proof that the alleged request was actually received.

Nevertheless, Plaintiff professes that the common law "mailbox rule" applies and grafts onto her claim a presumption that the request was received by the USPS.  Under the mailbox rule, an item which has been properly addressed, stamped, and mailed establishes a rebuttable presumption that the item was received by the addressee.  See generally Hagner v. United States, 285 U.S. 427, 430, 52 S. Ct. 417, 419, 76 L. Ed. 861 (1932) (reciting the common law mailbox rule); Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002) (citing Konst v. Florida E. Coast Ry. Co., 71 F.3d 850 (11th Cir. 1996)).

In Barnett, the Eleventh Circuit applied the mailbox rule to a medical malpractice claim under the FTCA and held that the district court's decision to dismiss the complaint on jurisdictional grounds was clearly erroneous.  The defendant in Barnett sought dismissal of the complaint, alleging that the plaintiff had failed to timely mail and the federal agency had failed to timely receive the plaintiff's administrative tort claim.  The Barnett court determined that the plaintiff was entitled to a presumption that his claim was received by the government if he could demonstrate three facts: "(1) the document was properly addressed; (2) the document was stamped; and (3) the document was mailed."  Barnett, 283 F.3d at 1240.  The Barnett court concluded that the presumption of receipt attached in its case because the plaintiff provided uncontradicted evidence that he mailed the necessary document; the document was mailed in a "business reply mail" envelope that had been sent to him by the government agency, thus satisfying the requirement that the document be properly addressed; and the envelope did not need to be stamped because, as was clearly marked on it, the "postage [would] be paid by [the] Department of Veteran Affairs."  Id.

Having determined that the plaintiff was entitled to a presumption that his claim had been received by the government agency under the mailbox rule, the Barnett court then examined whether the agency had rebutted the presumption of receipt.  Although individuals within the government agency submitted declarations that they had not received the claim, the court found such declarations to be "deficient" in rebutting the

presumption of receipt. Central to the court's determination that the presumption stood unrebutted was that the envelope in which the claim was allegedly mailed was addressed to an administrative *office*, the "Department of Veteran Affairs, VA Medical Center," and not to a specific *individual* within the office. The court found "[t]his distinction [to be] crucial." Id. at 1241. The Barnett court stated that

> If a court needed to resolve whether an individual person received an item mailed to him or her, then it need only seek testimony from that person as to whether he or she had received the item. Determining whether an office receives an item mailed to it is another, more complicated matter altogether. A court could not rely on the bare assertion of one member of the office that the mail was not received, since the mail might have been received by another. The court would need testimony about the office's practice and procedure for receiving and filing incoming mail - that is, circumstantial evidence - in order to draw an inference that the mail was or was not received.

Id. at 1241. The Barnett court therefore determined that the declarations of non-receipt by individuals within the agency were insufficient in rebutting the presumption of receipt because the declarations failed to discuss office procedures for processing received mail. Id. at 1242. Further, because the declarations were the only rebuttal evidence provided by the government agency, the Barnett court found that the presumption of receipt survived. Id.

Plaintiff relies on Barnett and the mailbox rule in opposing the motion to dismiss. Under Barnett, I must answer two questions: (1) whether Plaintiff is entitled to a presumption that her request for reconsideration was received by the USPS and if so, (2) whether the USPS has rebutted the presumption of receipt. Based on the evidence submitted, I find Plaintiff's reliance on Barnett to be misplaced. Plaintiff is not entitled to a presumption that her purported request for reconsideration was received by the USPS and even if a presumption of receipt attaches to Plaintiff's claim, the USPS has properly rebutted the presumption.

**1. Presumption of Receipt**

A presumption of receipt may only attach under the mailbox rule if the document

of concern was properly addressed, stamped, and mailed.  Id. at 1240 (citations omitted).  Plaintiff's attorney, John Booth, states in his affidavit that while working in his firm's Fort Walton Beach office on August 30, 2006, he caused his secretary to draft a letter to Beatty requesting reconsideration of the USPS's denial of Plaintiff's claim.  Booth contends that his secretary completed the first draft of the letter and that Booth made all further revisions to the letter himself.  According to Booth, his secretary addressed the envelope and applied the postage.  Booth contends that after he revised the request for reconsideration, his secretary had left for the day and his office was closed.  After he allegedly confirmed that the mailing address on the envelope matched the mailing address in the firm's files for Beatty, Booth contends that he placed the request for reconsideration in the envelope and sealed it, closed the office, and placed the envelope along with several other pieces of mail in a U.S. Postal Mailbox.  Booth states that he faxed a courtesy copy of the purported request for reconsideration to Beatty in January 2007.

     Plaintiff is not entitled to a presumption that the purported request for reconsideration was received for several reasons.  First, unlike the plaintiff in Barnett who attached a copy of the completed document, a copy of its accompanying cover letter, and a copy of the postage-paid "business reply mail" envelope in which the document was allegedly mailed, Booth's affidavit is the sole piece of evidence offered by Plaintiff in support of her entitlement to a presumption that her request for reconsideration was received.  Booth has failed to submit to this Court either a copy of the purported request for reconsideration or a copy of the envelope in which the request was allegedly mailed.  It was Beatty who submitted a copy of the purported request for reconsideration along with her motion.

     Second, unlike the facts in Barnett, numerous discrepancies exist between Booth's affidavit and the purported request for reconsideration.  These incongruities are cause for concern inasmuch as they call into question the candor of the affidavit.  Booth states in his affidavit that he authored the request for reconsideration.  However, the purported request for reconsideration was signed not by Booth, but by Marcus J. Michles II, Plaintiff's former attorney in this case.  The initials in the lower left of the

letter clearly indicate that "MJM" authored the request, not Booth. In addition, although Booth claims that the request was drafted in his firm's Fort Walton Beach office, the request states at the top: "Please reply to Pensacola." Further, the correspondence prepared by Booth in January 2007, like Booth's affidavit, contains a misspelling of Beatty's first and last names.[1] Notably, the request for reconsideration allegedly prepared by Booth but bearing Michels' name, contains the correct spelling of Beatty's first and last names. Finally, I find it implausible that Booth would draft a request for reconsideration addressed to Beatty in August 2006, and then wait five months to introduce himself to Beatty as Plaintiff's newly assigned counsel.

While each of these particular observations is not necessarily dispositive, when considered as a whole, I find Booth's affidavit to be dubious. If Michles did, in fact, draft the request for reconsideration and not Booth, Michles has failed to submit an affidavit stating that he authored the letter and that he properly addressed, stamped, and mailed it.

Given the questionable circumstances surrounding the request for reconsideration and Plaintiff's failure to provide a copy of the properly addressed and stamped envelope in which the request was allegedly mailed, I find that Barnett is properly distinguishable from this case. Plaintiff is not entitled to a presumption that her purported request for reconsideration was received by the USPS.

**2. The Presumption Rebutted**

Even if Plaintiff were entitled to a presumption that her purported request for reconsideration was received by the USPS, which I have concluded she is not, I find that the USPS has properly rebutted that presumption. Unlike in Barnett, where the plaintiff alleged that he mailed the document to an office and not to a specific individual, Booth contends just the opposite. Booth states in his affidavit that he addressed and mailed the purported request for reconsideration to Conny Beattie specifically. In Barnett, the Eleventh Circuit stated that

> If a court needed to resolve whether an individual person

---

[1] The name is spelled "Connie Beaty." The correct spelling is "Conny Beatty."

> received an item mailed to him or her, then it need only seek testimony from that person as to whether he or she had received the item.

Id. at 1241.

Here, Beatty, through sworn declaration, stated that she did not receive a request for reconsideration from Plaintiff, that she never received any communication from Plaintiff's counsel inquiring about the status of the purported request until January 2007, and that "[t]here has never been another time when an individual claimed to have sent me a claim or request for reconsideration, addressed to me, where such documentation had not been received by me." (Beatty Decl., Doc. 9:6 ¶ 13.) Under Barnett, Beatty has properly rebutted any presumption that Plaintiff's request for reconsideration was received.

### 3. Summary

In sum, Plaintiff has failed to demonstrate that she properly addressed, stamped, and mailed a request for reconsideration to the USPS. Without such evidence, the request cannot be presumed to have been received by the USPS. Even if a presumption of receipt did apply, Beatty's affidavit properly rebuts that presumption.

Accordingly, the original denial of Plaintiff's claim stands as the "final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); accord 39 C.F.R. § 912.9 (1988). Because it is uncontroverted that Plaintiff filed this action more than six months after the date of mailing of the notice of final denial by the USPS, the complaint is time-barred.

### CONCLUSION

1. Federal Defendant's Motion to Dismiss Or, In the Alternative, For Summary Judgment (Doc. 8) is **granted**.

2. The Amended Complaint (Doc. 6) is **dismissed with prejudice**.

3. The clerk is directed to enter judgment in favor of Defendant and close the file.

4. Plaintiff's counsel shall immediately provide Plaintiff with a copy of this order

and file a notice upon compliance.

**ORDERED** on August 31, 2007.

<u>/s/ Richard Smoak</u>
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**